# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DILLON,<br><br>                         Plaintiff,<br><br>v.<br><br>SSP AMERICA, INC.,<br><br>                         Defendant. | Case No.: 3:19-cv-1479-L-JLB<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

This action alleging employment discrimination and violation of wage and hour laws was removed from State court pursuant to 28 U.S.C. §§1331 and 1441. For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing removal jurisdiction is on the removing party. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ." 28 U.S.C. § 1441(a). Removing Defendant SSP America, Inc. bases its removal on 28 U.S.C. §1331, which confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff alleges claims for disability discrimination in violation of California Fair Employment and Housing Act, Cal. Gov't Code § 12940(a), (m), (n); multiple violations of California wage and hours laws, Cal. Labor Code §§201, 203 (failure to pay final wages), 226 (failure to provide accurate wage statements and wage records), 1198.5 (failure to provide personnel file), 226.7, 512 (failure to provide rest and meal periods); and intentional infliction of emotional distress as a result of the foregoing violations. (Doc. no. 1-3 at 8-28[1] ("Compl.").) Although all of Plaintiff's claims are alleged under California law, Defendant argues federal question exists because the claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Notice of Removal (doc. no. 1 ("Removal")) at 3-4.) Defendant contends that Plaintiff, Defendant's former employee, was a union member subject to the terms of a collective bargaining agreement ("CBA"). (*Id.* at 4; Renz Decl. (doc. no. 5) at 2 & Ex. 1 (CBA).)

In pertinent part, the preemption provision of section 301 provides,

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Although this is a jurisdictional statute on its face, it has been interpreted to authorize federal courts to develop federal common law of CBA

---

[1] Unless stated otherwise, all page numbers are as assigned by the electronic case filing system.

interpretation. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 686 (9th Cir. 2001) (*en banc*). This federal common law preempts state law in the area of CBA interpretation and enforcement. *Id.* However, LMRA "preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005). "A state law claim is not preempted under section 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer*, 255 F.3d at 693.

> The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. When the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption.

*Ward v. Circus Circus Casinos, Inc*., 473 F.3d 994, 997-98 (9th Cir. 2007) (internal quotation marks and citations omitted)). The determinative question is whether the state law factual inquiry turns on the meaning of any provision of the CBA, *i.e.*, whether the State law claim *requires* interpretation of the CBA. *Id.* at 998 & n.1 (emphasis in *Ward*).

Plaintiff does not rely on or reference the CBA in support of his claims, and the Removal does not show that any of Plaintiff's claims require interpretation of the CBA. First, Defendant argues that "a defense to Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process" will require the Court to interpret the terms of the CBA. (Removal at 8.) These arguments were rejected in *Humble v. Boeing Co.*, 305 F.3d 1004, 1008-11 (9th Cir. 2002.)

Second, Defendant points to Plaintiff's claim for failure to pay final wages, which alleges failure to pay accrued vacation at the time of termination. (Compl. at 16.) Defendant contends the claim is preempted because the CBA includes a provision for payment of accrued vacation upon termination. (CBA § 20(e), (f).) This is not sufficient for LMRA preemption. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the

3

course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw,* 512 U.S. 107, 124 (1994) (citing *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 413 n.12 (1988) ("A collective-bargaining agreement may, of course, contain information such as rate of pay . . . that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled"). Claims are only preempted to the extent there is "an active dispute" over the meaning of the relevant CBA terms. *Alaska Airlines, Inc. v. Schurke,* 898 F.3d 904, 921 (9th Cir. 2018) (*en banc*). Defendant does not contend that the vacation payout provisions of the CBA are the subject matter of an active dispute in this action. (*See* Removal at 8.)

Third, Defendant points to California Labor Code Section 512(e), and argues the statutory meal period requirement on which Plaintiff relies "can be waivable" and "can be modified by a collective bargaining agreement. The CBA must be interpreted to determine whether it satisfies the requirements under Labor Code section 512(e)." (Removal at 9.) Defendant cites to no part of the CBA to show that it applies to Plaintiff's meal period claim. (*See id.*) Furthermore, section 512(e), which provides an exception to the statutory meal period requirements, applies only in a few listed industries which are not relevant to this case. *See* Cal. Lab. Code § 512(e), (f) (construction, commercial driving, security services, electric and gas companies); *see also id.* § 512(c) (wholesale baking), (d) (motion picture and broadcasting). Because Plaintiff was a bartender, none of the exemptions provided for CBAs in section 512(e) apply to his claims. (*See* Compl. ¶10.) Accordingly, section 512(e) does not support Defendant's preemption argument.

Finally, Defendant contends that the claim for intentional infliction of emotional distress is preempted because it is derivative of the disability discrimination and wage and hours claims. (Removal at 9.) Defendant has not shown that those claims are preempted. Accordingly, Defendant has not shown that the intentional infliction claim is preempted as well.

/ / / / /

For the foregoing reasons, Defendant has not shown that any of Plaintiff's claims are preempted by Section 301 of the LMRA, and therefore has not met its burden on removal to show that this action arises from federal law. Defendant does not advance any other basis for federal jurisdiction. The Court finds that federal subject matter jurisdiction is lacking. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is remanded to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: August 23, 2019

_____
Hon. M. James Lorenz
United States District Judge